IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL OKUN,<br><br>Defendant. | No. CR 08-00606 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR CORRECTION AND RELIEF** |

On October 29, 2010, defendant Michael Okun filed a motion for correction and relief. Defendant requests that the motion be assigned to another judge, and then he attacks his sentence. Doc. 62. The Court hereby DENIES defendant's motion.

**I.     Recusal**

The two statutes that address recusal are 28 U.S.C. § 144 and 28 U.S.C. § 455.  Section 455(a) states that "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Section 144 states that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Section 455 is directed to the judge and is self-enforcing on the part of the judge. *United States v. Sibla*, 624 F.2d 864, 867–68 (9th Cir. 1980).  If the judge sitting on a case is aware of grounds for recusal under Section 455, that judge has a duty to recuse himself or herself. *Id.* at 868.  The Ninth

Circuit applies a reasonable person test to decisions regarding disqualification. *Hamid v. Price Waterhouse*, 51 F.3d 1411, 1416 (9th Cir. 1995). A judge is only disqualified where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably questioned. *Id.* Defendant argues that this Court should not have heard his criminal case because this Court knew the victim in the case. Doc. 62 at 2. This Court knew the late-husband of the victim in this case on a professional level, but was not a close personal friend of his and was not friendly with the victim. This Court's impartiality might not reasonably be questioned, and therefore this Court was not obligated to disqualify itself.

In contrast to Section 455, Section 144 is triggered by the filing of a timely and legally sufficient affidavit, and the granting of relief under the section is expressly conditioned upon such the filing of such an affidavit. *See United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). It is for the trial judge to determine whether the affidavit is timely and sufficient. *In re Shop Television Network, Inc.*, 170 B.R. 413, 417 (C.D. Cal. 1994). Pursuant to Criminal Local Rule 2-1 and Civil Local Rule 3-15, if a judge has determined not to recuse herself and has also found that the Section 144 affidavit is legally sufficient and not interposed for delay, the judge is to refer the request for disqualification to the Clerk for random assignment to another judge.

Section 144 requires disqualification motions to be submitted over ten days before trial, unless "good cause" is shown why the motion was not made within this time limit. *Waggoner v. Dallaire*, 649 F.2d 1362, 1370 (9th Cir. 1981). Defendant, who pled guilty, correctly notes that his recusal motion was based on a statement made by this Court during sentencing, and therefore could not have filed the motion before pleading guilty or sentencing. However, defendant became aware of the fact that forms the basis of this recusal request on November 6, 2009, almost a year before he filed this motion. *See* docs. 55 & 62. His only explanation for this delay is that the information left him "discouraged." *See* doc. 62 at 2. The motion is not timely and therefore it is legally insufficient. This Court will not refer the motion to another judge.

**II.     Sentencing**

Defendant argues in his motion that he received ineffective assistance of counsel at sentencing

2

and that this led to him receiving an overly long sentence. Defendant states that it is his "belief that this motion should fall under Rule 52b, plain error and Rule 60b of the Federal Rules of Civil Procedure."

Federal Rule of Civil Procedure 60(b) discusses the grounds for relief from a final judgment in a civil case. This rule is civil in nature and does not apply to criminal convictions, and therefore the Court cannot grant a motion for relief based on Civil Rule 60(b). *See United States v. McCalister*, 601 F.3d 1086, 1087 (10th Cir. 2010).

There is a corresponding rule of criminal procedure that provides for relief from an incorrect sentence. Federal Rule of Criminal Procedure 35(a) states that "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Even construed as a Criminal Rule 35(a) motion, however, this motion is extremely untimely and the Court denies it on that ground.

Federal Rule of Criminal Procedure 52(b) defines plain error as an "error that affects substantial rights" and states that it "may be considered even though it was not brought to the court's attention." Criminal Rule 52(b) does not provide a procedural basis for defendant to file this motion for relief, however, or provide the Court with the ability to consider defendant's motion independently of Criminal Rule 35(a).

Even if the Court were to construe this motion as an appeal, or as a motion for permission to file an untimely appeal, the Court would be required to deny the motion as untimely. Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(I), a criminal defendant must file a notice of appeal with the district court within fourteen days of the entry of judgment. The district court may grant a thirty-day extension to file a notice of appeal upon a finding of "excusable neglect or good cause." Fed. R. App. P. 4(b)(4). Such an extension of time is "not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." *Id.* In a criminal case, a district court lacks the authority to extend the deadline to file a notice of appeal more than forty-four days past the entry of judgment, regardless of whether excusable neglect or good cause could be shown. *United States v. Clark*, 984 F.2d 319, 320 (9th Cir. 1992); *see also United States v. Buzard*, 884 F.2d 475, 475 (9th Cir. 1989).

3

## III. CONCLUSION

For the foregoing reasons, defendant's motion for correction and relief is DENIED

**IT IS SO ORDERED.**

Dated: December 1, 2010

SUSAN ILLSTON
United States District Judge